# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NUMBER 18-0154 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| THOMAS J.M. GOODIN (01)<br>MEKO R. WALKER (02)<br>BRITTANY S. GIX (03) | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Pending before the Court is a Motion in Limine of Post Arrest Statements of Co-Defendants [Doc. No. 119], filed by Thomas J. M. Goodin (hereinafter "Goodin") in this proceeding. Said Motion was filed on June 03, 2019. The Government did not file a timely response.

In this case, three Defendants, Goodin, Meko R. Walker (hereinafter "Walker") and Brittany S. Gix (hereinafter "Gix"), are jointly charged with several drug offenses.

In his Motion, Goodin seeks to prohibit the use of statements after arrest, made by Walker and Gix insofar as they refer to Goodin. Unfortunately, this Court does not have the benefit of the specific statements made by Walker and Gix to review. This Court can however, make a limited ruling specific to the facts in *Bruton v. United States*, 391 U.S. 123 (1968). In *Bruton*, the U.S. Supreme Court held that, in a multiple defendant trial, confession and/or inculpatory statements made by co-defendants, who did not testify, cannot be used against another defendant, as it violates the Confrontation Clause of the U.S. Constitution.

Thus, this Court limits use of post-arrest statements made by Walker, insofar as those statements implicate Goodin, should Walker not testify at trial. Also, this Court limits use of post-

arrest statements made by Gix, insofar as those statements implicate Goodin, should Gix not testify at trial. Said statements may be redacted and otherwise used by the Government.

THUS DONE AND SIGNED this 20TH day of June, 2019, in Monroe, Louisiana.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE