UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:18-CR-00154-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **THOMAS J M GOODIN (01)** | **MAGISTRATE JUDGE HAYES** |

**RULING**

Pending before the Court is Defendant Thomas J. M. Goodin's ("Goodin") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 278]. Goodin based his motion on two claims of ineffective assistance of counsel. First, Goodin claims that trial counsel was constitutionally ineffective for failing to move to suppress evidence obtained from a warrantless search. Second, Goodin claims that appellant counsel was constitutionally ineffective for failing to challenge the use of his prior state convictions which were used to enhance his federal sentence. Goodin requests that the Court appoints counsel, holds an evidentiary hearing, vacate Count I, and resentence Goodin without the career offender designation. For the following reasons, the Motion is **DENIED**.

**I.      FACTUAL AND PROCEDURAL HISTORY**

Goodin shipped a package containing methamphetamine on October 4, 2017, from California to Monroe, Louisiana. [Doc. No. 230, ¶¶ 8, 10]. The next day, a drug dog alerted agents to the package. [Id. ¶ 8]. Agents applied for and received a state search warrant to search the contents of the package. [Id. ¶ 9]. The package contained a box wrapped in birthday wrapping paper. The agents discovered a makeup bag containing 435.6 grams of methamphetamine within the box. [Id.].

Later, an agent disguised as a parcel delivery driver executed a controlled delivery of the package to the address listed on the package. [Id. ¶ 10]. The agent delivered the package to the apartment of Britanny Gix ("Gix"). [Id.]. After a verbal confrontation on a phone call, Goodin advised Gix that he was sending someone else over to retrieve the package and deliver it to a different address. [Id.]. Goodin sent Meko Walker ("Walker") two text messages with the picture of the package label and receipt. [Id.]. Later that day, Walker arrived at Gix's apartment, walked up to the apartment, and took the package to his vehicle. [Id.]. Once Walker was in his car and tried to leave the parking lot, he was taken into custody. [Id. ¶ 11].

Seven weeks later, officers apprehended Goodin during an unrelated traffic stop in Monroe, Louisiana. [Id. ¶ 24]. After refusing to consent to a search of his vehicle, a K-9 unit arrived on the scene. [Id. ¶ 28]. The K-9 unit alerted the officers to the presence of narcotics, and, upon searching the trunk of Goodin's car, the officers discovered more boxes wrapped in wrapping paper, which contained 92.8 grams of phencyclidine ("PCP") and 343.1 grams of methamphetamine. [Id. ¶ 32]. The officers arrested Goodin and took him in for further questioning. [Id.].

A federal grand jury returned a four-count indictment against Goodin, Walker and Gix. The indictment charged Goodin with conspiracy to distribute and to possess with intent to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); possession with intent to distribute fifty (50) grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 2; and possession with intent to distribute ten (10) grams or more of PCP in violation of §§ 841(a)(1) and 2. [Doc. No. 1]. Walter M. Caldwell ("Caldwell") was appointed to represent Goodin. [Doc. No. 20].

Goodin filed motions to suppress the traffic stop and the FedEx seizure. [Doc. Nos. 51, 52]. In the motion to suppress the contents of the FedEx package, Goodin asserted that the affidavit

in support of the search warrant was based on inaccurate facts. [Doc. No. 52]. After a hearing, the United States Magistrate Jude issued a Report and Recommendation [Doc. No. 111] which recommended denying both of Goodin's motions. [Doc. Nos. 86, 106, 111, 112]. The Court adopted the Report and Recommendation by its Judgment [Doc. Nos. 125, 126] and denied Goodin's motions [Doc. Nos. 114, 118, 125, 126].

On June 16, 2019, a federal grand jury returned a superseding indictment which added a sentencing enhancement based on a prior conviction as to Goodin. [Doc. No. 135]. After a four-day-trial, all defendants were found guilty as charged. [Doc. Nos. 178, 187]. The sentence enhancement phase of the trial as to Goodin was held on July 19, 2019, and the jury returned a verdict of guilty. [Doc. Nos. 189, 196]. Four days later, Goodin filed a motion to vacate the enhancement under 21 U.S.C. § 851, which the Court granted in part on September 23, 2019. [Doc. Nos. 169, 208]. The Court held that Goodin would receive an enhancement for only one prior conviction. [Id.].

Goodin was sentenced on November 6, 2019. At the sentencing hearing, Goodin presented evidence concerning the prior conviction. He called his attorney who represented him in the proceeding. The previous attorney testified that the fee had be returned to Goodin, but that the attorney could not remember why. [Doc. No. 251, Sentencing Transcript, p. 19]. The attorney did recall, however, that the fee dispute "was not directed towards incompetency or ineffective assistance of counsel" because the bar association would not have allowed the return of a fee to settle an issue dealing with effectiveness of counsel. [Id. p. 16, 19].

Goodin filed a number of objections to the PSR [Doc. No. 230 (objections are noted within the PSR)]. The Court ruled on those objections at the sentencing hearing. All of those objections were denied. The Court noted that Goodin had two attorneys and that the exception to the rule that

prior convictions cannot be challenged collaterally did not apply. [Id. p. 68]. Goodin was sentenced to 504 months and as to the three counts followed by 10 years of supervised release. [Id. p. 79] [Doc. No. 218].

Caldwell filed a motion to withdraw on November 8, 2019, which was granted. [Doc. Nos. 227, 236]. Mark Plaisance was appointed to represent Goodin on appeal. [Doc. No. 257]. The United States Court of Appeals for the Fifth Circuit affirmed Goodin's conviction and sentence on February 10, 2021. The judgment was entered into the Court record on March 15, 2021, and Goodin's § 2255 motion was timely filed thereafter. [Doc. Nos. 261, 278].

The issues are briefed, and the Court is prepared to issue a ruling.

## II.     LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Rules Governing Section 2255 Proceedings, Rule 4(b).

An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Defendants challenging the performance of their attorneys may bring those challenges under 28 U.S.C. § 2255 without overcoming the procedural bar. In *Massaro v. United States*, 538 U.S. 500, 509 (2003) the Supreme Court held that "ineffective-assistance-of-counsel claims may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504. See *United States v. Ramos*, 801 F. App'x 216, 226 (5th Cir. 2020) (citing *Massaro* for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel).

To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The defendant must show that his attorney's actions were objectively unreasonable and that his attorney's unreasonable actions resulted in prejudice. *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020) (reiterating two-prong *Strickland* test); *United States v. Phea*, 953 F.3d 838, 841 (5th Cir. 2020) (same).

The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged

action might be considered sound trial strategy. *Anderson v. Collins*, 18 F.3d 1208, 1215 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689). To meet the second prong of *Strickland*, the defendant must show that counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 695. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The defendant must establish both prongs of this test. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one.").

### III. ANALYSIS

The Court agrees that Goodin's allegations of ineffective assistance of counsel are not procedurally barred, but nonetheless finds these claims to be meritless. Each will be analyzed below.

#### A. Effective assistance of counsel

Goodin argues that his trial counsel was ineffective for not challenging the fact that there was no search warrant for the search of the FedEx package and that his appellant counsel was ineffective for failing to collaterally attack his prior conviction which was used to enhance his sentence. Failure to attack a warrantless search can give rise to ineffective assistance of counsel in certain scenarios. Here, however, such a claim would have been meritless because there was a search warrant executed for the FedEx package, and because the agents had probable cause to search the package. Similarly, failure to pursue an argument that would result in a reduced sentence can also give rise to a claim for ineffective assistance of counsel. Again, however, pursuit of such

an argument would have been frivolous because Goodin was represented by counsel throughout his prior conviction. Each issue will be analyzed in further detail below.

### 1. Failure to Challenge Search

Goodin argues that his attorney was ineffective for not challenging the existence of a search warrant for the search of the FedEx package. The filing of pre-trial motions is considered trial strategy. *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985). A strategic decision is viewed with "deference commensurate with the reasonableness of the professional judgment on which [it] is based." *Strickland*, 466 U.S. at 681. Additionally, counsel cannot be deficient for failing to raise a frivolous point. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

The existence of a search warrant can be proven by the presentation of other evidence. *See See United States v. Pratt*, 438 F.3d 1263, 1271 (11th Cir. 2006) ("We hold that other evidence of a search warrant's existence and descriptive language may be used in a suppression hearing to prove that a search was conducted with a warrant that particularly described the place to be searched and the persons or items to be seized.").

Goodin's arguments are frivolous because there was a search warrant executed for the search of the FedEx package. While it is true that the actual search warrant was not attached to the motion to suppress, the government introduced the application for the search warrant and the return during the hearing for the motion to suppress. [Doc. No. 87]. Had Goodin asserted that there was no search warrant, the government could have easily presented the actual search warrant. Additionally, proof of the existence of the search warrant (if the government could not produce the original search warrant) could have readily been established. The return of the search warrant as well as the testimony of the agent who executed the warrant indicate that a search warrant was issued. [Doc. No. 92, Suppression Hearing Transcript, p. 71, 95, 103, 109].

An officer may detain packages for investigative purposes when there is reasonable suspicion of criminal activity, such as when the package "meets a drug package profile." "In such cases where a temporary detention for further investigation is involved based on reasonable suspicion, including to permit examination by [a] drug-detecting dog, there is no Fourth Amendment violation prior to a warrant being issued." *Id*. Additionally, a K-9 sniff is not a search within the meaning of the Fourth Amendment, but a K-9's positive alert to the presence of narcotics establishes probable cause for a search. *United States v. Sanchez-Pena*, 336 F.3d 431, 444 (5th Cir. 2003).

Even assuming that there was no search warrant, the agents had probable cause to search the package once the K-9 unit alerted agents to the presence of narcotics. The Court adopted a report and recommendation of the United States Magistrate Judge. [Doc. No. 111]. In that report, the Magistrate Judge determined that notification of the positive alert by the K-9 unit "established probable cause to search the [FedEx] package." [Id. p.2]. Therefore, Goodin's arguments concerning his counsel's failure to dispute the search of the FedEx package as a warrantless search, and his argument about the contents of the search warrant and/or the application for the search warrant containing inaccurate information, are frivolous because the agents had probable cause to conduct a warrantless search of the FedEx package.

For the reasons stated above, the Court finds that Goodin's arguments are frivolous, and therefore, counsel acted properly in choosing to raise these frivolous arguments.

### 2. Failure to Challenge Prior State Conviction

Goodin argues that his counsel was ineffective for failing to challenge his prior state conviction on appeal. The two-part *Strickland* test applies to claims of ineffective assistance of counsel on appeal. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). To render effective

8

assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *Phillips*, 210 F.3d at 348 (quoting *Strickland*, 466 U.S. at 688). To determine whether appellate counsel was deficient, the Court thus must consider whether the omitted challenge "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Phillips,* 210 F.3d at 348; *Higgins v. Cain*, 720 F.3d 255, 265 (5th Cir. 2013) (finding that appellate attorney was not ineffective "given the weaknesses in those arguments, it is at least arguable that a competent attorney could decide to forgo raising them").

A defendant cannot collaterally challenge a prior conviction unless the defendant did not have an attorney during the prior proceedings. *See United States v. Longstreet*, 603 F.3d 275, 277 (5th Cir. 2010). ("Absent an allegation that the defendant was denied counsel in the prior proceeding, a district court sentencing a defendant may not entertain a collateral attack on a prior conviction used to enhance the sentence unless such an attack is otherwise recognized by law.")

The record clearly demonstrates that Goodin had counsel for the prior proceeding. His prior counsel testified at the sentencing. Additionally, as noted by the Court during the sentencing hearing, Goodin received the benefit of a plea agreement. [Doc. No. 251, Sentencing Hearing, p. 68-69]. The existence of a plea agreement demonstrates that Goodin received a substantial benefit from his prior counsel and that Goodin was not even constructively denied assistance of counsel. Therefore, had his attorney argued this issue on appeal, the argument would have been meritless.

Again, as stated above, an attorney has an ethical obligation to refuse to prosecute frivolous appeals. *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 436, (1988). The Court

finds that Goodin's arguments are frivolous, and therefore, his counsel acted properly in choosing not to raise these arguments on appeal.

### B. Whether Goodin is entitled to an evidentiary hearing and appointment of counsel.

Goodin requests an evidentiary hearing. Evidentiary hearings on § 2255 motions are not necessary unless the defendant shows some indicia of viable issues in his motion. *United States v. Harrison*, 910 F.3d 824, 826-827 (5th Cir. 2018) (holding that an evidentiary hearing as to a § 2255 motion is not required "if (1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as matter of law, even if his factual assertions were true." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that no hearing is necessary as to a § 2255 motion if "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief").

The Court finds that Goodin has presented nothing showing that there are viable issues within his motion. As discussed above, Goodin's claims of ineffective assistance of counsel are frivolous because there was no warrantless search and because his prior charge is not subject to collateral attack. Accordingly, Goodin will not be granted an evidentiary hearing.

Additionally, Goodin requests appointment of an attorney. This Court has already denied Goodin's motion to appoint counsel in a separate order [Doc. No. 287] but will address the issue again briefly. A defendant filing a § 2255 motion is generally not entitled to appointment of an attorney. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012) ("[T]here is no constitutional entitlement to appointed counsel in postconviction relief proceedings...."). Accordingly, the Court will not appoint an attorney for Goodin.

### IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendant Thomas Goodin's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 278] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Goodin's request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that Goodin's Motion to Appoint Counsel is **DENIED**.

MONROE, LOUISIANA, this 11th day of August 2022.

_____
TERRY A. DOUGHTY
U.S. DISTRICT JUDGE