# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:18-CR-00154** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **THOMAS J M GOODIN** | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Before the Court is a *pro se* Motion to Set Aside Judgment filed by Defendant Thomas J.M. Goodin ("Goodin") [Doc. No. 347]. The Government opposed the Motion [Doc. No. 358], and Goodin did not file a Reply.

For the reasons stated below, Goodin's Motion is **DENIED**.

## I. BACKGROUND

### A. Offense Conduct

On October 4, 2017, Thomas J.M. Goodin shipped a package wrapped in birthday-themed wrapping paper from a FedEx store in San Bernadino, California.[1] The package was sent from a "Tyrone Gix" to a "Jordyn Gix" at an address in Monroe, Louisiana. Goodin told the FedEx employee that the package contained a doll for his daughter's birthday.

After the package arrived at the FedEx facility in Monroe, a drug-sniffing dog alerted officers to the package. A search warrant was subsequently obtained for the package. When the officers opened the package, they found around one pound of

---

[1] Since the relevant facts remain generally undisputed, the Court adopts the factual recitation provided in the Government's Opposition [Doc. No. 358, p. 2-3].

methamphetamine. The officers rewrapped the package and left some of the methamphetamine in the package. Soon after, an officer dressed as a FedEx delivery driver delivered the package to the Monroe address, the apartment of Brittany Gix ("Gix"). Approximately 40 minutes later, Meko Walker ("Walker") arrived at Gix's apartment, left holding the package, and was soon arrested.

Seven weeks later, Goodin was apprehended by officers during an unrelated traffic stop in Monroe. Officers found other packages wrapped in birthday-themed wrapping paper in Goodin's car. The packages contained a candle in which methamphetamine was hidden and tea bottles with phencyclidine.

### B. Procedural History

On June 27, 2018, a federal grand jury returned a four-count indictment against Goodin, Walker, and Gix. Count One charged Goodin and the others with conspiracy to distribute and to possess with intent to distribute fifty grams or more of methamphetamine. Count Three charged Goodin with possession with intent to distribute fifty grams or more of methamphetamine. Count Four charged Goodin with possession with intent to distribute ten grams or more phencyclidine.[2] Walter M. Caldwell was appointed to represent Goodin.[3]

Goodin filed motions to suppress the traffic stop and the FedEx seizure.[4] In the motion to suppress the contents of the FedEx package, Goodin asserted that the affidavit in support of the search warrant was deficient because it was based on

---

[2] [Doc. No. 1].
[3] [Doc. No. 20].
[4] [Doc. Nos. 51, 52].

2

inaccurate facts.[5] After a hearing and briefing by the parties, the Magistrate Judge issued a report and recommendation suggesting denial of the motions.[6] And after objections to the report and recommendation were filed, this Court denied Goodin's motions to suppress.[7]

On June 16, 2019, a federal grand jury returned a superseding indictment, which was similar to the original indictment but added a section entitled "sentencing enhancement based on a prior conviction" as to Goodin.[8] On July 19, 2019, after a four-day trial, all three of the defendants were found guilty as charged.[9] Goodin's sentence enhancement phase of the trial was held that same day and the jury returned a verdict of guilty.[10]

Three days later, Goodin filed a motion to vacate the enhancement under § 851, which the Court partially granted after the Government withdrew its objection to the motion. The Court held that Goodin would receive an § 851 enhancement for only one prior conviction.[11] As a result, Goodin was sentenced to 504 months imprisonment followed by 10 years of supervised release.[12] On February 10, 2021, the United States Court of Appeals for the Fifth Circuit affirmed Goodin's conviction and sentence, and this Court entered the judgment on March 15, 2021.[13]

---

[5] [Doc. No. 52].
[6] [Doc. Nos. 86, 106, 111, 112].
[7] [Doc. Nos. 114, 118, 125, 126].
[8] [Doc. No. 135].
[9] [Doc. Nos. 178, 187].
[10] [Doc. No. 189, 196].
[11] [Doc. Nos. 169, 207, 208].
[12] [Doc. No. 218].
[13] [Doc. No. 261].

The Court later denied Goodin's § 2255 motion filed on August 11, 2022,[14] and in addressing Goodin's claim that his attorney was ineffective for not challenging the lack of a search warrant, the Court stated as follows:

> Goodin's arguments are frivolous because there was a search warrant executed for the FedEx package. While it is true that the actual search warrant was not attached to the motion to suppress, the government introduced the application for the search warrant and the return during the hearing for the motion to suppress. Had Gooding asserted that there was no search warrant, the government could have easily presented the actual search warrant. Additionally proof of the existence of the search warrant (if the government could not produce the original search warrant) could have readily been established. The return of the search warrant as well as the testimony of the agent who executed the warrant indicates that a search warrant was issued.[15]

The Court also pointed out that regardless of a search warrant, "the agents had probable cause to search the package once the K-9 unit alerted agents to the presence of narcotics."[16]

On August 12, 2022, Goodin filed a motion for sanctions in which he requested the Court "to order the United States to cease and desist from representing to the court that Agent Oglesby obtained a search warrant from Judge Winters for the FedEx package."[17] The Court denied that motion.[18] Then Goodin filed a motion to alter and amend the order denying sanctions on August 24, 2022, which the Court also denied.[19]

---

[14] [Doc. No. 290].
[15] [Doc. No. 289, p. 7].
[16] [Id. at p. 8].
[17] [Doc. No. 291].
[18] [Doc. No. 295].
[19] [Doc. Nos. 297, 298].

On November 14, 2022, the United States Court of Appeals for the Fifth Circuit denied Goodin's motion for a certificate of appealability.[20] In denying the certificate of appealability, and addressing the claim that his attorney was ineffective for not moving to suppress the allegedly warrantless search of a FedEx package, the Fifth Circuit stated, "First, the package search was not warrantless; the record is clear that a warrant was issued."[21] On May 22, 2023, the United States Supreme Court denied Goodin's petition for writ of certiorari.[22]

Finally, on April 8, 2025, Gooding filed the pending Motion seeking relief under Federal Rule of Civil Procedure 60(d)(3). The Government opposes the Motion and alleges Goodin attempts to litigate again an issue dealing with a search warrant that has already been decided by this Court.[23] In effect, The Government states that Goodin's Motion should be dismissed as an unauthorized successive § 2255 motion.[24]

The issues have been briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 60(d)(3) permits a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Unlike other avenues for relief under Rule 60, no "strict time bar" applies to Rule 60(d)(3). *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009). As a result, Rule 60(d)(3) "functions as a saving

---

[20] [Doc. No. 321].
[21] [Id.].
[22] [Doc. No. 325].
[23] [Doc. No. 358]
[24] [Id.].

5

clause." *Id*. However, the standard under Rule 60(d)(3) to prove "fraud on the court" is "demanding" and more exacting than the standard for proving fraud under Rule 60(b)(3). *Id*. Generally speaking, "[o]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Id*. (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978)).

What's more, Rule 60 only provides relief from a civil judgment or order. Its provisions "do not apply in criminal proceedings." *United States v. Frias*, 795 F. App'x 296, 297 (5th Cir. 2020) (citing *See United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999)). Yet Rule 60 is commonly invoked by criminal defendants in the context of § 2255 post-conviction relief. When that occurs, the court must first determine whether the motion should be treated as a second or successive § 2255 motion or whether it should be treated as a valid Rule 60 motion. *See Frias*, 785 F. App'x at 297 (finding that the district court did not err in construing a Rule 60(d)(3) motion as an unauthorized successive § 2255 motion). A court may construe a Rule 60 motion as a successive § 2255 motion if it attacks the federal court's previous resolution of a claim on the merits. *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014).

**B. Goodin's Motion**

Goodin's Motion is, in essence, a successive § 2255 motion. For at least the third time, Goodin asks the Court to consider his allegation that the search warrant for the package is invalid. In effect, Goodin asks the Court to set aside its prior

decision denying the § 2255 motion in which the Court found that there was a valid search warrant executed for the package.

A plain reading of Goodin's Motion makes his intentions clear. He alleges that the Government "knowingly and intentionally perpetrated fraud on the Court…by way of presenting to the Court…fabricated documents about the existence and submission of an…actual search warrant."[25] Then Goodin goes on to claim that there is "NO-ACTUAL SEARCH WARRANT" and that any such document was "false documentation staged successfully" by the Government."[26] Goodin concludes that this "fabrication" led to an "unjust judgment" and seeks appropriate relief.[27]

Goodin's unsupported claims—which have already been addressed and swiftly denied by this Court—amount to an impermissible post-judgment challenge. Keep in mind that a defendant is generally permitted only one motion under § 2255 and may not file successive motions without first obtaining authorization from the appropriate Court of Appeals. 28 U.S.C. §2255(h). Since Goodin's Motion must be construed as an unauthorized successive § 2255 motion, this Court has no jurisdiction to consider its merits until Goodin seeks and obtains permission from the Court of Appeals. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Goodin's Motion [Doc. No. 347] is **DENIED**.

---

[25] [Doc. No. 347, p. 2].
[26] [Id. at 4].
[27] [Id. at 12].

7

MONROE, LOUISIANA, this 27th day of June, 2025.

                                                              Terry A. Doughty
                                                          United States District Judge